1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4

LEX TECNICA, LTD.,

5                     Plaintiff,

     vs.

6

CLARK COUNTY SCHOOL DISTRICT,

7

     Defendant.

8

Case No.: 2:24-cv-01656-GMN-BNW

**ORDER GRANTING MOTION TO REMAND**

9

10

11

12

13

Pending before the Court is the Motion to Remand, (ECF No. 19), filed by Plaintiff Lex Tecnica Ltd.  Defendant Clark County School District ("CCSD") filed a Response, (ECF No. 23), and Plaintiff filed a Reply, (ECF No. 24).  Because this Court lacks subject matter jurisdiction, the Court GRANTS Plaintiff's Motion to Remand and DENIES all other pending motions as moot.

14

## I.      BACKGROUND

15

16

17

18

19

20

21

22

23

24

25

This case arises from a dispute over a settlement agreement between CCSD and Plaintiff's client.  Plaintiff is a law firm that represented a student who brought a due process complaint against CCSD in an administrative tribunal in Nevada.  Plaintiff negotiated a settlement agreement ("the Agreement") with CCSD on behalf of its client that resolved that complaint. (First Am. Compl. ("FAC") ¶ 2, ECF No. 8).  Plaintiff, a signatory and beneficiary to the Agreement, alleges that Defendant refuses to pay Plaintiff's reasonable fees as it agreed to in the Agreement. (*Id.* ¶ 23).  Plaintiff brought claims for breach of contract, declaratory judgment, and violation of public policy in the Eighth Judicial District Court of Clark County, Nevada. (Mot. Remand 2:2–3, ECF No. 19).  Defendant timely removed this case to federal court, claiming that the case implicates a federal question over which the Court has original jurisdiction. (Pet. Removal ¶¶ 4–5, ECF No. 1).  Plaintiff now moves to remand the case to

state court. (*See generally* Mot. Remand).  Plaintiff also requests that the Court award Plaintiff reasonable fees and costs incurred in addressing the removal pursuant to 28 U.S.C. § 1447(c). (*Id.* 6:7–7:6).

## II.    LEGAL STANDARD

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441.  "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.    DISCUSSION

Plaintiff argues that remand is appropriate because Defendant fails to establish that the Court has federal question jurisdiction. (Mot. Remand 1:22–28).  Plaintiff also requests that the Court award reasonable fees and costs incurred in addressing removal because there was no objectively reasonable basis for removal. (*Id.* at 6:7–7:6).  The Court will address each argument in turn.

### A. Federal Question Jurisdiction

Generally, federal question jurisdiction turns on the face of the plaintiff's well-pleaded complaint. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9–10 (1983).  However, there is a narrow category of state law claims that "implicate significant federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  Under the substantial federal question doctrine, "[f]ederal jurisdiction over a state law claim may lie if a federal issue is: (1) necessarily raised,

1  (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without

2  disrupting the federal-state balance approved by Congress." *Premier One Holdings, Inc. v.*

3  *Nationstar Mortg.*, LLC, No. 2-17-cv-01133-RFB-NJK, 2018 WL 3207590, at *2 (D. Nev.

4  June 30, 2018) (citing *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 314).

5        Defendant concedes that Plaintiff has asserted only state law claims on the face of the

6  Complaint but argues that the Court has original jurisdiction because it must resort to federal

7  law to resolve the state law claims. (Resp. 8:4–12).  Specifically, Defendant argues that the

8  question of whether Plaintiff is entitled to recover attorney's fees requires interpreting the

9  Individuals with Disabilities Education Act ("IDEA").[1] (*Id.*); 20 U.S.C. § 1415(i)(3)(B)(i)(I).

10  The Court disagrees.  Although IDEA authorizes courts to "award reasonable attorney['s] fees

11  as part of the costs to a prevailing party," Plaintiff does not invoke IDEA as the basis for this

12  award. Instead, it argues that Defendant agreed to pay reasonable attorney's fees in the

13  Agreement. (Reply 2:7–8).  The Agreement, which was signed by both Plaintiff and Defendant,

14  provided that "[Defendant] will pay reasonable attorney's fees, following submission of an

15  invoice related to the IDEA claim by Petitioners' counsel." (FAC ¶ 14).  Defendant's refusal to

16  abide by this provision implicates state contract law—not IDEA.  In fact, the Agreement

17  reflects parties' mutual desire to settle all issues arising before the execution of the Agreement,

18  including the dispute involving federal claims. (Agreement at 1, Ex. 1 to FAC, ECF No. 8-1).

19  Because the Court need not resort to IDEA to resolve this state contract dispute, Defendant has

20  not proven that removal was necessary based on a substantial federal question.

21

22

23

---

24  [1] Defendant also argues that IDEA authorizes only parents of affected children to seek costs, not law firms or

25  attorneys. (Resp. 7:15–17).  But this argument does not apply here; Plaintiff relies on state contract claims, which allow it, as a signatory, to enforce the terms of the Agreement. *GECCMC 2005-C1 Plummer St. Off. Ltd. P'ship v. JPMorgan Chase Bank, Nat. Ass'n*, 671 F.3d 1027, 1033 (9th Cir. 2012) ("[A] party to a contract or an intended third-party beneficiary may sue to enforce the terms of a contract.").

Next, Defendant argues that "Defendant had as much a right to remove the matter to federal court as did Plaintiff in bringing the action in state court" because IDEA permits enforcement of settlement agreements in federal court or state court. (Resp. 8:15–17; 9:21–23) (citing 20 U.S.C. § 1415(f)(1)(B)(iii)(II)). IDEA provides that settlement agreements must be "enforceable in any State court of competent jurisdiction or in a district court of the United States." 20 U.S.C. § 1415(f)(1)(B)(iii)(II). But nothing in this statute overrides the basic principle that a plaintiff is "the master of the claim . . . [and] may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff wishes to pursue the claim using state law in state court and is permitted to do so. The authority Defendant cites to support its position confirms this: each case involved a plaintiff seeking federal enforcement of a settlement agreement, not a defendant forcing a plaintiff into federal court. *See Stephen H. v. W. Contra Costa Cnty. Unified Sch. Dist.*, No. C 06-06655TEH, 2007 WL 1557482, at *1 (N.D. Cal. May 29, 2007); *see also R.K., ex rel. T.K. v. Hayward Unified Sch. Dist.*, No. C 06-07836 JSW, 2007 WL 2778702, at *6 (N.D. Cal. Sept. 21, 2007). Thus, Defendant's argument that it is entitled to remove this claim to federal court under IDEA fails.

Last, Defendant argues that Plaintiff's claim for declaratory relief cannot be resolved without resorting to federal law because the Agreement requires the Court to use IDEA to ascertain what constitutes reasonable attorney's fees. (Resp. 10:15–20). But here, IDEA did not create the obligation to pay attorney's fees; the Agreement did. The determination of reasonable attorney's fees depends on the laws of Nevada, identified by the Agreement as the governing source of law. (Agreement ¶ 13, Ex. No. 1 to FAC). Thus, a court can determine Plaintiff's claim for declaratory relief without implicating federal law. For all of these reasons, Defendant has failed to establish that removal was proper, and Plaintiff's Motion to Remand is GRANTED.

1

### B.  Plaintiff's Fees and Costs

2

Plaintiff argues that it is entitled to attorney's fees under 28 U.S.C. § 1447(c) because

3

Defendant did not possess an objectively reasonable basis for seeking removal. (*See* Mot.

4

Remand 6:7–7:6).  Defendant objects. (Resp. 10:26–11:23).

5

"Absent unusual circumstances, a court may award costs and attorney's fees under

6

§ 1447(c) only where the removing party lacked an objectively reasonable basis for seeking

7

removal." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018)

8

(citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)); *see* 28 U.S.C. § 1447(c).

9

Removal is not objectively unreasonable "solely because the removing party's arguments lack

10

merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v.*

11

*Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

12

Here, the Court finds that Defendant had an objectively reasonable basis for seeking

13

removal.  Although Defendant's arguments did not persuade the Court that removal was proper,

14

they were supported by authorities that articulated viable theories.  Thus, Plaintiff's request for

15

costs and attorney's fees is DENIED.

16

///

17

///

18

///

19

///

20

///

21

///

22

///

23

///

24

///

25

///

IV.    **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 19), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss, (ECF No. 13), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Eighth Judicial District for the State of Nevada, Clark County.

**DATED** this 18 day of April, 2025.

_____
Gloria M. Navarro
United States District Court